United States District Court
Southern District of Texas
**ENTERED**
August 16, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSIE HARDIN, (TDCJ-CID #1837179) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-18-2671 |
| TDCJ, et al., Defendants. | § § § | |

## MEMORANDUM ON DISMISSAL

Jessie Hardin, a Texas Department of Criminal Justice ("TDCJ") inmate, sued in July 2018, alleging civil rights violations resulting from a denial of adequate medical care. Hardin, proceeding pro se and in forma pauperis, sues the TDCJ and the Medical Department of the Terrell Unit. The threshold issue is whether this complaint should be dismissed as frivolous.

### I.  Hardin's Allegations

Hardin asserts that on February 24, 2013, he suffered a heart attack on the Gurney Unit because prison officials failed to administer his medications. He further asserts that in August 2014, he was working in the kitchen of the Cole Unit. He states that he fell while carrying several pans. An officer escorted Hardin to the medical department where he was examined by a doctor. Hardin asserts that he had to wait two weeks to have an X-ray taken, and the doctor informed Hardin that he had fractured his sternum. Hardin complains that medical personnel did not make any referrals, provide medication, or conduct any follow-up visits.

Hardin seeks unspecified compensatory damages.

8/15/18 O:\RAO\VDG\2018\18-2671.a01.wpd

## II. Discussion

Federal courts may dismiss a claim filed in forma pauperis (IFP) "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)(quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The statute mandates dismissal of a prisoner's IFP case if the complaint is found to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Dismissal of an action is appropriate when "it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations." *Gartrell*, 981 F.2d at 256. In section 1983 cases, the federal courts apply the forum state's general personal injury statute of limitations. *Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993)(citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)). Although the governing period of limitations is determined by reference to state law, the accrual of a cause of action under section 1983 is determined by reference to federal law. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Under the federal standard, "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999)(quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). The plaintiff must be in possession of "critical facts" which indicate that he has been hurt and that the defendants were responsible for the injury. *Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir.), *cert. denied*, 506 U.S. 820 (1992). A plaintiff need not realize that a legal cause of action exists, but must know the facts that would support a claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir.

1995).

The Texas period of limitations for personal injury actions is two years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2001). Hardin's claim clearly arose from the events of February 2013 and August 2014. Hardin did not file this suit until July 31, 2018, almost two years after limitations had run.

The statute of limitations bars Hardin from asserting his civil rights claims against the named defendants. Hardin's claims are dismissed under 28 U.S.C. § 1915(e). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

## III. Conclusion

Hardin's Motion to Proceed in Forma Pauperis, (Docket Entry No. 2), is GRANTED. The action filed by Jessie Hardin (TDCJ-CID Inmate #1837179) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2).

The TDCJ-CID shall deduct twenty percent of each deposit made to plaintiff's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at:

Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on ___August 16___, 2018.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE